# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
June 30, 2026

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**REBECCA S.,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-245**  (Fam. Ct. Berkeley Cnty. Case No. FC-02-2019-D-500)

**PAUL S.,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION

Petitioner Rebecca S.[1] ("Mother") appeals the Family Court of Berkeley County's May 20, 2025, final order modifying the court's 2019 parenting plan and ordering the parties to refile their 2024 taxes. Respondent Paul S. ("Father") filed a summary response in support of the family court's order.[2] Mother did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

The parties were married for nineteen years and divorced by final order entered in October of 2019. They had four children during their marriage, but the oldest was an adult when the final divorce order was entered. As such, the three minor children were subject to the 2019 order. Z.S. was born in March 2005, J.S. was born in 2009, and A.S. was born in 2013. The final divorce order awarded the parties with 50-50 custody of the children. Specifically, the court awarded Mother custody "every Monday and Tuesday overnight and alternating weekends from Friday after school until Monday morning to school[.]" Father was awarded custody "every Wednesday and Thursday overnight and alternating weekends from Friday after school until Monday morning to school[.]"

Relevant to this appeal, paragraph four of the parties' 2019 final divorce order provided the following:

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last names by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Mother is self-represented. Father is represented by Cameron T. LeFevre, Esq.

1

That the parties shall divide the dependency exemptions for the children for tax purposes with [Father] claiming the children, [Z.S.] and [J.S.] and [Mother] claiming [A.S.] in 2019 and all odd years, and [Father] claiming the parties [Z.S.] and [Mother] claiming [J.S.] and [A.S.] in 2020 and all even years. That when the parties' older child, [Z.S.] can no longer be claimed as an exemption, the parties shall each claim one child each year. That when [J.S.] can no longer be claimed as an exemption, the parties' [sic] shall alternate the parties' [sic] youngest child, subject to continuing judicial modification.

On March 21, 2025, Father filed a petition for contempt and a petition for modification of custody. His petition for contempt asked the family court to find Mother in willful contempt pursuant to paragraph four of the 2019 final divorce order because Mother "claimed both children for tax filing purposes and [Father's] taxes were rejected." Mother admittedly claimed J.S. and A.S. in 2024, and Father claimed J.S. instead of Z.S. in 2024 because Z.S. turned nineteen in March 2024. Since Mother had already claimed J.S. in 2024, Father testified that his taxes were rejected. Mother argued that Z.S. could still be claimed as a dependent for tax purposes in 2024 because he was a full-time college student living at home.

Father's petition for modification of custody asserted that the 2019 divorce order's parenting plan "has not functioned as intended and has caused disagreement" because the order failed to set forth a holiday schedule or summer vacation schedule. As such, Father asked the court to set forth a holiday and summer schedule allocating equal custody to the parties.

On April 28, 2025, the family court held a hearing on Father's petitions. By order entered May 20, 2025, the court held Father's petition for contempt in abeyance and granted his motion to modify the 2019 parenting plan. Regarding Father's contempt petition, the court found that Mother erroneously claimed "both children for tax purposes for the 2024 tax year in violation of the parties' previous Final Divorce Order and contrary to the understanding of the parties established during the prior tax year." As such, the court ordered each party to file an amended tax return for the 2024 tax year and set out the following schedule:

- Father claim J.S. as a dependent for 2024, 2025, 2026, and 2027 tax years.
- Mother claim A.S. as a dependent for 2024, 2025, 2026, 2027, 2028, and 2030 tax years.
- Father claim A.S. as a dependent for the 2029 and 2031 tax years.

Regarding Father's petition for modification of custody, the court found that the 2019 parenting plan did not contain a holiday or summer vacation schedule. The court

found that a substantial change in circumstances had occurred, explaining that the previous parenting plan was not functioning as intended because the absence of a holiday schedule caused disagreement between the parties. The court determined that it was in the best interests of the children to modify the prior plan by setting a holiday schedule. It is from this May 20, 2025, order that Mother now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Mother asserts two assignments of error. First, Mother contends that the family court erred by granting Father's petition for contempt. Upon review, however, the family court did not issue a final ruling on Father's petition for contempt and instead held the matter in abeyance.[3] Thus, we find that this Court is without jurisdiction to review Mother's first assignment of error as it pertains to an interlocutory matter.

Mother's remaining assignment of error asserts that the family court erred in granting Father's petition for modification of custody because there was no substantial

---

[3] We have previously explained that "this Court generally lacks appellate jurisdiction over interlocutory appeals. Instead, this Court has appellate jurisdiction over final judgments or orders of a family court, entered after June 30, 2022." *Tina W. v. Spencer W.*, No. 24-ICA-324, 2025 WL 895645, at *1-2 (W. Va. Ct. App. Mar. 24, 2025) (memorandum decision) (citation modified). The Supreme Court of Appeals of West Virginia ("SCAWV") has stated that "generally, an order qualifies as a final order when it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Guido v. Guido*, 202 W. Va. 198, 201, 503 S.E.2d 511, 514 (1998) (citation modified); *see also Coleman v. Sopher*, 194 W. Va. 90, 94, 459 S.E.2d 367, 371 (1995) (stating that "[t]he usual prerequisite for . . . appellate jurisdiction is a final judgment, final in respect that it ends the case"). The SCAWV has explained that this rule is designed to prohibit "piecemeal appellate review of trial court decisions which do not terminate the litigation." *James M.B. v. Carolyn M.*, 193 W. Va. 289, 292, 456 S.E.2d 16, 19 (1995) (citation modified).

change in circumstances and there was no evidence or finding that the previous plan was "manifestly harmful to the child[ren]" pursuant to West Virginia Code § 48-9-401(b) (2022).[4] In support of her argument, Mother contends that the court failed to discuss how the modification was in the children's best interests. Conversely, Father argues that even if there was no substantial change in circumstances, the family court properly modified the previous plan by constructing a holiday and summer vacation schedule pursuant to West Virginia Code § 48-9-402(b) (2022). Father asserts that the modification constituted a minor modification and was in the children's best interests. We agree with Father.

West Virginia Code § 48-9-401(a) states the following:

> Except as provided in § 48-9-402 or § 48-9-403 of this code, a court shall modify a parenting plan order if it finds, on the basis of facts that were not known or have arisen since the entry of the prior order and were not anticipated in the prior order, that a substantial change has occurred in the circumstances of the child or of one or both parents and a modification is necessary to serve the best interests of the child.

West Virginia Code § 48-9-402(b)(2) provides that "[t]he court may modify any provision of the parenting plan without the showing of the changed circumstances" if the modification is in the child's best interests, and the modification "constitutes a minor modification in the plan[.]"

Here, the family court specifically found that a holiday and summer vacation schedule was in the children's best interest to prevent conflict. While Mother argued that a holiday schedule would be burdensome due to increased exchanges, the court explained that based on testimony, the parties lived in proximity and often exchanged the children between their homes without issue. Because the family court's construction of a holiday and summer vacation schedule did not alter the parties' 50-50 custodial allocation, we find that the court's modification constituted a minor modification. As such, we are unable to conclude that the family court abused its discretion by modifying the previous parenting plan.

Accordingly, we affirm the family court's May 20, 2025, order.

Affirmed.

---

[4] West Virginia Code § 48-9-401(b) allows a family court to "modify a parenting plan if it finds that the plan is not working as contemplated and in some specific way is manifestly harmful to the child, even if a substantial change of circumstances has not occurred."

4

**ISSUED:** June 30, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White